### JOHN C. MILLAR v. RICHD. DOUGLASS.

1. EXTORTION. To incur the penalty of the statute against extortion, the officer must, while acting under color of law, have knowingly demanded a greater sum than was authorized by statute.

2. TAXES. Under the Act of Nov. 10, 1866 (Paschal's Digest, 7486), taxes are not dependent on the amount of gross sales, but on the income derived from sales of goods made in excess of their cost, after deducting from the income or profits the expenses, etc., allowed by statute.

APPEAL from Houston. Tried below, before the Hon. R. S. Walker.

*Nunn & Williams,* for appellant.

*Moore & Spence,* for appellee.

Suit brought by Miller to recover damages for extorting from him, as he alleged, ninety-four dollars, under the income

tax of 1866, demanded and received by appellee under color of his office as tax collector. The assessment was made in accordance with plaintiff's oath and list of property. There was a conflict of testimony as to whether the tax was paid under protest, or whether the objection was made after the tax was paid and the rolls had been sent up to the comptroller. The defendant plead that if he demanded more than the law allowed it was not knowingly or willfully done.

The comptroller was interrogated by both parties and testified: "That defendant stated the case to him but he refused "to disturb the assessment because it was not shown to be "incorrect or extravagant in amount. The assessor could not "properly make any change in his rolls after a copy had been "sent to him, for the assessor is required to settle the entries "he has made, but he (comptroller) was always willing to cor-"rect errors." The jury found a verdict in favor of the defendant, and the plaintiff appealed. He complained, among other things, of the charges of the court, to the effect, "if the "plaintiff objected to make payment, he was bound to take "proper steps to have the correction made. The basis for "assessing the tax on income is the sale of the goods made in "excess of their cost, after deducting the expenses, etc., which "the law allows. If the defendant was guilty of extortion, "knowing the amount received to be greater than the amount "due, the plaintiff would be entitled to recover at least the "amount wrongfully collected, and such damages as he may "have sustained not to exceed double the amount of his real "damage. But if the defendant assessed and collected, under "the objections of the plaintiff, more than was due, but exer-"cised no extortion or oppression under color of law, nor did "he do so knowing that it was illegal, the measure of damage "is the actual sum collected in excess and legal interest."

There was evidence that part of plaintiff's income was derived from other sources, and on this point the court charged: "If any part of the sum alleged to have been extorted was "derived from any other source of income than merchandise,

19

" defendant would be only liable on the part shown to have
" been illegally collected."

REEVES, J. This suit was brought by appellant to recover
damages for extorting from him, as he alleges, the sum of nine-
ty-four dollars, under the income tax law of 1866, and demand-
ed and received by appellee under color of his office as the as-
sessor and collector of taxes for Houston county, when appel-
lant, as he states, did not owe the tax.

The plaintiff in his amended petition alleges that defendant
assessed him on his gross sales, and not on his net income, as
provided by law, and charging that the defendant acted wan-
tonly and unlawfully in assessing and collecting the tax, with
knowledge that the plaintiff did not owe any part of the same.

The defendant pleads, among other defenses, that if he de-
manded from plaintiff any larger sum than was authorized by
law, that it was not knowingly or willfully done, but was an er-
ror of judgment, for which he should not be held responsible,
and that the assessment was made in accordance with plaintiff's
oath and list of property, and that plaintiff made no objection
at the time.

The Act of 1866, referred to in the pleadings, provides that
" every assessor and collector, or his deputy, who shall exercise
" or be guilty of any extortion or willful oppression under color
" of this act, or shall knowingly demand other or greater sums
" than are authorized by this act, etc:, shall be liable to pay a
" sum not exceeding double the amount of damages occurring
". to the party injured." (Paschal's Digest, Article 7499.)

The question in the case is, whether the defendant was guilty
of extortion in demanding and receiving from plaintiff the tax
complained of.

The facts stated in the petition constitute a cause of action,
and if sustained by the evidence the plaintiff was entitled to
recover the damages as provided by the Statute.

If the assessment was made in good faith, according to a list
returned by the plaintiff embracing the tax on income as due

from him to the State and county, as the defendant contends he did, it would be a good defense to the plaintiff's claim for damages.

The jury having returned a verdict for the defendant, on which the court entered judgment, the plaintiff appeals, and insists that the court erred in the instructions to the jury, and that the verdict was against the law and the evidence.

The evidence was conflicting, and the instructions pointing out to the jury their duties in this respect, and which are now complained of, is believed to be in accordance with the former decisions of this court. The rules for construing conflicting statements by witnesses, and the province of the jury in such cases are laid down in a full and clear charge, without any apparent reason to suppose that the jury was misled.

It is further complained that the court erred in charging the jury that if the plaintiff objected to make payment he was bound to take proper steps to have the correction made. To understand this objection it is necessary to refer to the evidence.

The plaintiff proved that he paid the tax under protest. The defendant proved that the plaintiff made no objection to the assessment or collection of the tax until after he had paid it, and that at the time of the objection made by plaintiff to the assessment, defendant had sent up his rolls to the comptroller, and having returned his rolls he insists that he had no authority to make corrections thereafter, and further stating that the defendant did not apply to him to correct the error in the assessment, and that it could only be done by the comptroller after the tax-roll had been deposited in his office.

The depositions of the comptroller taken first by the plaintiff and afterward by the defendant, were read in evidence. The comptroller answered that he was always ready and willing to correct errors in the assessors' rolls, that the assessor after he had forwarded the roll to the comptroller could not properly amend or alter the copy retained, that the charges in the books both of the State and county against the assessor, are made from his returns, and he is required to settle by the entries he

has made. Although the rolls may have been returned to the comptroller's office, the plaintiff was not without remedy for the correction of any errors which may have been committed in the assessment of the tax, and doubtless the correction would have been made if timely application had been made to the proper authority.

The charge of the court that the plaintiff was bound to take proper steps to have the correction made, cannot be doubted as a correct proposition with reference to the facts of the case. It is, however, contended that the instruction required the plaintiff to do what the assessor himself should have done. The comptroller says that the defendant stated the case, and that he, the comptroller, refused to disturb the assessment because it did not appear to be extravagant in amount, and the assessment was not shown to be incorrect. Paschal's Digest, Article 5426, referred to in counsel's brief, authorizes the comptroller to remit to the tax collector the taxes illegally assessed, but that is the extent of the provision, and the motive with which the assessor may have done the act must be sought elsewhere. To incur the penalty of the statute he must have been guilty of extortion or willful oppression under color of law, or have knowingly demanded other or greater sums than authorized by the statute.

It is further objected that the court erred in the charge as to the basis for assessing the tax on income. The jury were instructed that the plaintiff was not taxable on the amount of his gross sales with the deductions allowed by law, but was taxable on the income derived from sales of his goods made in excess of their cost, after deducting from the income or profits the expenses, etc., which the law allowed.

We find no error in this charge of the court. (Paschal's Digest, Article 7486.) Nor did the court err in admitting evidence to show that the plaintiff had income from other sources than his merchandise. The comptroller, after stating the amount of the tax on income which the roll shows to have been assessed against the plaintiff, says there is no appearance of any

assessment against him on account of sales of merchandise. The defendant, who was examined as a witness, testified that he assessed the plaintiff on his sales, as he did every other merchant, and also on sales of other property, and which was included in the assessment on sales of merchandise. It is not perceived that any injustice was done the plaintiff by this evidence. Under the charge of the court it is not probable that it prejudiced the plaintiff's case. The charge presented to the jury the different phases of the case in which the plaintiff would be entitled to a verdict; for example, if the defendant was guilty of extortion, knowing that the amount received was greater than the amount due; in that case the plaintiff, as the court instructed the jury, would be entitled to recover at least the amount wrongfully collected, and such further sum, as damages, as the plaintiff had sustained, not to exceed double the amount of his real damage; or, if the defendant collected more than he was entitled to receive as taxes, but exercised no extortion, nor did not do so knowing that it was illegal, nor from willful oppression under color of law ; in such case, if the same was assessed and collected under the objections of the plaintiff, the measure of the plaintiff's right would be the actual sum collected, with legal interest, as damages.

If any part of the sum which the defendant was charged with extorting was derived from some other source of income than merchandise, he would only be liable for damages on the part shown to have been illegally collected, and hence the evidence was admissible to ascertain the amount.

If it could be shown that the court was in error in the rules given to the jury for assessing the tax, it would be no valid ground why the judgment should be reversed in view of the evidence in the case. The guilt of the defendant did not depend upon a doubtful construction of the statute ; other considerations, as we have seen, enter into the question and must determine the character of his acts, and the motives which may have prompted them, before he can be held to be guilty of extortion, as charged in the petition.

Finding no error in the instructions of the court requiring a reversal of the judgment, and no sufficient reason for disturbing the verdict of the jury, the judgment is affirmed.

Affirmed.